IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| PAUL F. MITCHELL, | : | CIVIL ACTION |
| Petitioner, | : |  |
|  | : |  |
| v. | : | NO. 17-3797 |
|  | : |  |
| SUPERINTENDENT KEVIN KAUFFMAN, | : |  |
| Respondents. | : |  |

**REPORT AND RECOMMENDATION**

Henry S. Perkin, M.J.                                                                            September 25, 2017

      Presently before the Court is a <u>pro se</u> Petition for Writ of Habeas Corpus filed by the Petitioner, Paul F. Mitchell ("Petitioner"), pursuant to 28 U.S.C. section 2254.  By Order of September 18, 2017, the Petition for Writ of Habeas Corpus was referred by the Honorable Gerald A. McHugh for preparation of a Report and Recommendation.  For the reasons that follow, it is recommended that the Petition for Writ of Habeas Corpus should be denied without prejudice and dismissed without an evidentiary hearing.

**I.    DISCUSSION.**

      On August 17, 2017, Petitioner signed the instant <u>pro se</u> Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, which was docketed by the Clerk of Court's Office on August 23, 2017.  <u>See</u> Doc. No. 1.  Petitioner challenges his conviction following a bench trial in the Court of Common Pleas of Philadelphia County on February 23, 2016 for simple assault, unlawful contact with a minor - sexual offenses, and criminal trespass - breaking into a structure.  Petitioner was sentenced by the Honorable Carolyn H. Nichols on August 2, 2016 to seventeen to forty months imprisonment followed by seven years of probation.  See Criminal

Docket No. CP-51-CR-0008193-2015. Petitioner's claims are:

> GROUND ONE: Police fabricated evidence - Patrick Quinn #1652 and partner Gerald Rahill #3540 25th District Philadelphia Police Department Incident Report, as well as Det. Thomas Martinka #0921 Police Summary push way into residence and started touching complainant/forced way into residence and started to grab complainant, Samantha Torres from her residence states under oath I did not hit/punch her. I did not take anything from her residence. I did not even push her. She pushed me after a mistaken identity/miscommunication when she was then touched while he was holding a bag in one hand. District Attorney Lauren . . . .

Pet., p. 5. It does not appear that Petitioner's judgment of sentence is final because the appellate decision on his direct appeal has not, as of this date, been issued. Thus, Petitioner has not satisfied the exhaustion requirement by presenting his claim through one full round of the state's appellate process. Petitioner's sentencing took place on August 2, 2016. On August 26, 2016, Petitioner's notice of appeal was filed in the Pennsylvania Superior Court. On February 10, 2017, his statement of matters complained of on appeal was filed pursuant to Pa. Rule of Appellate Procedure 1925(b). A note in the appellate court docket dated August 17, 2017 indicates that "[p]er [trial court] Judge's chambers - Opinion will be filed shortly as a backlog of opinions is cleared up." See Pa. Super. Dkt. No. 2787 EDA 2016. Thus, Petitioner has not yet exhausted any claims related to his convictions in Philadelphia County, Criminal Docket No. CP-51-CR-0008193-2015.

A claim is unexhausted and unreviewable in federal court if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies pursuant to 28 U.S.C. § 2254(b)(1), thereby giving the State the "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights. Baldwin

v. Reese, 541 U.S. 27 (2004). Requiring exhaustion of state remedies "addresses federalism and comity concerns by 'afford[ing] the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.'" Lambert v. Blackwell, 134 F.3d 506, 513 n.18 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001)(quoting Toulson v. Beyer, 987 F.2d 984, 986 (3d Cir. 1993)). The petitioner has the burden of proving all facts entitling him to a discharge from custody as well as demonstrating that he has met all procedural requisites entitling him to relief. Brown v. Cuyler, 669 F.2d 155, 157 (3d Cir. 1982). Thus, "[t]he habeas petitioner bears the burden of proving that he has exhausted available state remedies." Toulson, 987 F.2d at 987.

Because it is evident that Petitioner has not followed the required conduct by exhausting his state court remedies regarding the claim set forth in the instant Petition, this Court should "stay its hand" and dismiss, without prejudice, the instant Petition for Writ of Habeas Corpus as unexhausted to allow Petitioner to exhaust his claims in state court. Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995); Rose v. Lundy, 455 U.S. 509 (1982). Accordingly, the Petition should be denied without prejudice.

II.  **CERTIFICATE OF APPEALABILITY.**

When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability should issue only if (1) the petition states a valid claim for the denial of a constitutional right, and (2) reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). In this case, reasonable jurists could not disagree that the claims in the instant Petition are unexhausted and that it would be improper for this

Court to dismiss the Petition without prejudice.

For all of the above reasons, I make the following:

## **RECOMMENDATION**

AND NOW, this   25th   day of September, 2017, IT IS RESPECTFULLY RECOMMENDED that the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 (Doc. No. 1) should be DENIED without prejudice and DISMISSED without an evidentiary hearing.  There is no probable cause to issue a certificate of appealability.

The Petitioner may file objections to this Report and Recommendation.  See Local Civ. Rule 72.1.  Failure to timely file objections may constitute a waiver of any appellate rights.

BY THE COURT:


 */s/ Henry S. Perkin*
HENRY S. PERKIN
UNITED STATES MAGISTRATE JUDGE